# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JAY WILSON, | Case No. 1:19-cv-00526-BAM (PC) |
| Plaintiff, | SCREENING ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL |
| A.R. PEREZ, et al., | |
| Defendants. | [ECF No. 1] |
| | **THIRTY-DAY DEADLINE** |

Plaintiff Gerald Jay Wilson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison. Plaintiff alleges that the events at issue took place at the Substance Abuse Treatment Facility in Corcoran ("SATF"). Plaintiff names the following defendants: (1) A.R. Perez, Correctional Sergeant; (2) J. Almjuez, Administrative Segregation Property Officer; (3) M. Bremner, appeals interview officer; (4) M. Rivera, Correctional Sergeant; (5) Garcia, correctional officer, (6) L.C. Hense, Chief Deputy Warden at Corcoran State Prison, (7) G. Jamie, Chief Deputy Warden at Kern Valley State Prison.

In May 2016, Plaintiff was transferred to SATF with eight boxes of personal property. Plaintiff's property would exceed the six cubic feet of legal property permitted, but he was allowed to keep one cubic feet of legal property, because the case was active, and would be allowed to store the remaining legal items at SATF Receiving and Release (R&R). On November 29, 2016, Plaintiff was placed in Administrative Segregation at Corcoran for his safety. Plaintiff alleges that staff at SATF R&R should have transferred Plaintiff's property to Corcoran. On December 11, 2016, Defendant Almjuez issued some of Plaintiff's personal property, but some personal property was missing. Defendant Almjuez told Plaintiff that Defendant Almjuez did not have any other personal property for Plaintiff. Plaintiff told Defendant Almjuez that he needed

2

the legal property for appeals pending before the Ninth Circuit Court of Appeals. Defendant Almjuez said he would check on the property, but never got back to Plaintiff about his property.

Plaintiff let the appeals court know that he was having property difficulties and requested an extension of time. Plaintiff also filed a grievance with no response. Plaintiff had to proceed on appeal without pertinent documents to cite to the Court which harmed Plaintiff. Defendants deprived Plaintiff of the pertinent legal items for two years with the intention to deny access to courts.

Defendant Garcia had the responsibility to transfer Plaintiff's legal documents that were stored at SATF R&R to Corcoran. Defendant Sergeant Perez had the responsibility to answer the Plaintiff's grievance concerning Plaintiff's legal documents stored at SATF. Sergeant Rivera had the responsibility to issue Plaintiff's three boxes of legal document when the items were supposed to be transferred to Kern Valley State Prison on or about May 25, 2017.

Plaintiff alleges the Chief Deputy Warden G. Jaime had the responsibility to investigate the first level finding and not interfere with Plaintiff's right to access to the courts. Defendant Sergeant M. Bremner put forth misleading statements to interfere with Plaintiff right to access to the Court.

Plaintiff sues each defendant in their personal and official capacities. Plaintiff seeks compensatory and punitive damages. Plaintiff seeks injunctive relief for retaliation by each Defendant during the pendency of this action.

**III.    Discussion**

Plaintiff's complaint fails to state a claim. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims.

**A.    Linkage Requirement**

The Civil Rights Act under which this action was filed provides:
Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an

3

action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff's complaint fails to adequately link many of the Defendants to actions. Plaintiff may not lump all defendants into wrongful conduct. Plaintiff's conclusory statement that all defendants had knowledge and a direct link to the wrongful conduct is not sufficient to state a cognizable claim. Plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

**B. Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different Defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim against Defendant Jamie and Rivera, for conduct occurring at one institution, Kern Valley State Prison in May 2017, while

simultaneously asserting an unrelated claim regarding denial of his property transfer from SATF to Corcoran in 2016. Unrelated claims involving multiple defendants at different institutions belong in different suits. In any amended complaint, Plaintiff may pursue only properly joined claims.

**C. Supervisory Liability**

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012)) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not adequately alleged that Chief Deputy Warden Hense or Chief Deputy Warden Jamie, or any other supervisor, were personally involved in a violation of his rights. Plaintiff alleges that the sergeants and the Chief Deputy Wardens had certain responsibilities related to his property which they did not perform. However, Plaintiff has failed to adequately allege that the Deputy Wardens (or any other supervisory defendant) participated in or directed any constitutional violation or that any Defendant implemented a policy so deficient that it was the moving force of any constitutional violation. Liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. Plaintiff's conclusory allegations that these individuals are liable for failure to investigate, or based on review of his administrative appeal or based on a defendant's general responsibilities are not

sufficient to state a cognizable claim.

**D. Access to the Courts**

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2001) overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right of access to the courts, however, is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. Lewis v. Casey, 518 U.S. 343, 354–55 (1996).

In order to frame a claim of a denial of the right to access the courts, a prisoner must allege facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (quoting Lewis, 518 U.S. at 353 & 353 n. 4).

A prisoner must allege the denial of the necessary tools to litigate a non-frivolous claim attacking a conviction, sentence, or conditions of confinement. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 353 & n.3. Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher v. Harbury, 536 U.S. 403, 417-18 (2002) (footnote omitted).

Claims for denial of access to the courts may arise from the frustration or hindrance of "a

6

litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher*, 536 U.S. at 413-14).

In this case, Plaintiff fails to state a cognizable claim. Plaintiff alleges he had Ninth Circuit appeals pending, but fails to state facts sufficient for the Court to determine whether the appeals were nonfrivolous and also fails to state what happened in the cases. Plaintiff alleges he was harmed, but his conclusory statement is insufficient to support a claim. In addition, as noted above, Plaintiff must link each defendant to conduct which Plaintiff alleges violated his constitutional rights. Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (backward-looking denial of access claim must show loss of a non-frivolous claim, official acts frustrating the litigation, and a remedy that may be awarded which is not available in a future suit). Plaintiff will be granted leave to amend this claim.

**E. Grievance Procedure**

Insofar as Plaintiff complains about the grievance procedure or the processing of his appeals, he does not state a cognizable claim. Plaintiff cannot pursue any claims against prison personnel based solely on the processing and review of inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

**F. Official Capacity**

To the extent Plaintiff is attempting to pursue damages claims against the named Defendants in their official capacities, he may not do so. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official

capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed against Defendants in their individual capacities for monetary damages.

**G. Declaratory Relief**

In addition to damages, Plaintiff seeks declaratory relief, but because his claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n. 8 (9th Cir. 2005). Therefore, Plaintiff's claim for declaratory relief should be dismissed.

**H. Property**

Plaintiff appears to seek to assert a claim based on the deprivation of personal property. Plaintiff has no cause of action under 42 U.S.C. § 1983 for an unauthorized deprivation of his personal property, whether intentional or negligent, by a state employee, since a meaningful state post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

**I. Injunctive Relief**

Insofar as Plaintiff seeks injunctive relief against prison officials, any such request is now moot. Plaintiff is no longer housed at the California Substance Abuse Treatment Facility or Corcoran, where he alleges the incidents at issue occurred, and where the prison officials are employed. Therefore, any injunctive relief against officials at the California Substance Abuse Treatment Facility or Corcoran is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has

demonstrated no reasonable expectation of returning to [the prison]")).

**J.  Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. §1915(e)(1), Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

In this case, the Court does not find the required exceptional circumstances for the appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases filed by pro se litigants almost daily. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. As discussed in this order, the Court has not yet found that Plaintiff proceeds upon a cognizable claim.

For these reasons, Plaintiff's request for the appointment of counsel will be denied, without prejudice.

**IV.   Conclusion**

As discussed above, the Court finds deficiencies in Plaintiff's complaint and that he has not stated a cognizable claim for relief. Plaintiff will be granted leave to amend to attempt to cure the identified deficiencies, to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel is denied, without prejudice;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, consistent with the reasons discussed in this order.

IT IS SO ORDERED.

Dated: **September 10, 2019**     /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE