1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8

9   GERALD JAY WILSON,

10                        Plaintiff,

11        v.

12   A.R. PEREZ, et al.,

13                        Defendants.

14

15

16

Case No.  1:19-cv-00526-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM

(ECF No. 18)

**FOURTEEN-DAY DEADLINE**

17   Plaintiff Gerald Jay Wilson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil

18   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's second amended complaint is currently

19   before the Court for screening. (ECF No. 18.)

20        **I.        Screening Requirement and Standard**

21        The Court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C.

23   § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

24   or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

25   relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b);

26   1915(e)(2)(B)(ii).

27        A complaint must contain "a short and plain statement of the claim showing that the

28   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

1    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

3    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as

4    true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,

5    572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

6            To survive screening, Plaintiff's claims must be facially plausible, which requires

7    sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

8    for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

9    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully

10   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

11   standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

12           **II.      Plaintiff's Allegations**

13           Plaintiff is currently housed at Kern Valley State Prison. Plaintiff alleges that the events at

14   issue took place at the Corcoran State Prison in Corcoran ("Corcoran"). Plaintiff names the

15   following defendants:  (1) A.R. Perez, Correctional Sergeant; and (2) J. Almjuez, Administrative

16   Segregation Property Officer.

17           Plaintiff alleges a claim for denial of access to the courts.  Defendant Almjuez is the

18   administrative segregation property officer in Corcoran who is responsible for issuing all inmates

19   legal documents housed in 4A4L. Defendant Perez is the administrative segregation correctional

20   sergeant at Corcoran who is responsible for releasing all legal property to inmates housed in

21   4A4L.

22           On November 29, 2016, Plaintiff was placed in administrative segregation for safety

23   concerns that involved a correctional officer at Calipatria State Prison.  Plaintiff has several civil

24   rights actions against various officers pending in the Eastern District of California.  (ECF 18 p.9.)

25   There was an Inmate Property Inventory CDC 1083 form which showed that Officer Essgian at

26   SATF, where Plaintiff was housed, inventoried Plaintiff's property. On December 11, 2016,

27   Plaintiff was transferred from SATF to Corcoran State Prison ("Corcoran").  Plaintiff was

28   transferred with three boxes of personal property, including all his legal property, and taken to

1   Corcoran Receiving and Release (R&R). Plaintiff was issued another CDC-1083 form upon

2   arrival at Corcoran showing that all of Plaintiff's legal items arrived at Corcoran R&R. Sergeant

3   Perez is in charge of the R&R at Corcoran. Plaintiff was denied access to the documents to meet a

4   required due date on an appeal to the Ninth Circuit.  (ECF 18, ¶ 15-16.) Plaintiff's documents

5   were in R&R at Corcoran where Plaintiff was housed because Almjuez signed off on their receipt

6   upon Plaintiff's transfer. Plaintiff asked for the documents on January 11, 2017, which was 7 days

7   before Plaintiff's new due date to file an opening brief.

8            Plaintiff alleges that he was a lockdown prisoner, segregated from the general prison for

9   security concerns and was denied access to legal property in the control of both defendants who

10   mislead Plaintiff into believing that none of Plaintiff's legal documents were under their control

11   at the times Plaintiff requested the documents.

12            During the week of December 12-17, Plaintiff fold Defendant Almjuez that Plaintiff had a

13   due date to the Court of December 19, 2016 and needed his legal property which was in R&R.

14            On January 13, 2017, Defendant Almjuez, receiving and release officer at Corcoran,

15   issued Plaintiff the property received from SATF receiving and release which did not include the

16   legal documents necessary for the matter that was on appeal.  Almjuez had issued the inventory of

17   Plaintiff's personal property on January 11, 2017, 2 days before, which showed the legal items

18   had been received into R&R. Plaintiff alleges "thus, the evidence shows the Garcia was not the

19   defendant who participated in the affirmative act along with defendant Almjuez, but Defendant

20   AR Perez, was due to the fact he had control over all personal property at R&R at Corcoran State

21   Prison on the month December 11, 2016 through February of 2016 [sic] June of 2018, and claim

22   [sid] he did not know where Plaintiff's legal items were, but he did, and was under his control all

23   the times mention herein."[1]  (ECF no 18 ¶23.) Plaintiff alleges that both defendants were involved

24   in depriving Plaintiff of his documents which caused Plaintiff injury to a nonfrivolous underlying

25   claim.

26            Plaintiff provides a statement of the underlying claim lost at the Ninth Circuit.  While

27   _____

28   [1] It is unclear if Plaintiff is alleging wrongful conduct against Defendant Garcia, who Plaintiff
   does not name in the caption or in the list of Defendants.

1    housed at High Desert State Prison, he was prescribed certain pain medications for an injury to

2    his back when he fell out of a top bunk, including oxcarbazepine and morphine sulfate. Plaintiff

3    was transferred to Calipatria State Prison and was denied the medications he had been prescribed

4    at his prior institution.  He was told institution policy prohibited such medication unless the

5    inmate agreed to confinement in segregation without personal property. Plaintiff was forced to

6    either accept a lower grade of medications for his severe pain or confinement without his

7    property.  Plaintiff alleged a medical deliberate indifference claim.

8         Plaintiff sues each defendant in their individual capacities. Plaintiff seeks compensatory

9    and punitive damages.

10        **III.    Discussion**

11        Plaintiff's contends that he was denied access to the courts because his legal property was

12   not given to him to address an appeal pending before the Ninth Circuit.  Plaintiff alleges that his

13   property, including legal property, was in fact transferred from SATF, his prior institution, to

14   Corcoran where Defendants are employed.  Plaintiff attaches Exh. A and B which are property

15   inventory lists, showing that his legal property was inventoried on 11/29/2016 by T. Essepian at

16   SATF which included "legal work," (Exh. A) and then also on December 11 received from

17   SATF, "Legal (All)," signed off by Defendant Almjuez.  Plaintiff does not specifically allege

18   what Defendants did or said or did not do, but apparently Plaintiff's legal property was not given

19   to him because they could not find his legal property or that his legal property was not at that

20   institution. Plaintiff alleges Defendants denied him access to courts to pursue his deliberate

21   indifference claim at the Ninth Circuit by failing to deliver Plaintiff's legal property.

22        **A.    Legal Standards for Access to the Courts**

23        Plaintiff has a constitutional right of access to the courts, and prison officials may not

24   actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir.

25   2001) overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir.

26   2015).  The right of access to the courts, however, is limited to non-frivolous direct criminal

27   appeals, habeas corpus proceedings, and § 1983 actions. Lewis v. Casey, 518 U.S. 343, 354–55

28   (1996).

In order to frame a claim of a denial of the right to access the courts, a prisoner must allege facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (quoting Lewis, 518 U.S. at 353 & 353 n. 4).

A prisoner must allege the denial of the necessary tools to litigate a non-frivolous claim attacking a conviction, sentence, or conditions of confinement. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 353 & n.3. Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher v. Harbury, 536 U.S. 403, 417-18 (2002) (footnote omitted).

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). For backward-looking claims, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14).

The first element requires that Plaintiff show he suffered an actual injury by being shut out of court. Harbury, 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180;

1   Phillips, 477 F.3d at 1076. The second element requires that Plaintiff show a defendant

2   proximately caused the alleged violation of Plaintiff's rights, "[t]he touchstone ... [for which] is

3   foreseeability." Phillips, 477 F.3d at 1077. Under the second element, a prisoner "must show that

4   the alleged violation of his rights was proximately caused by [the defendant.]" Phillips, 477 F.3d

5   at 1077; Harper v. City of Los Angeles, 533 F.3d 1010, 1026 9th Cir. 2008) ("[i]n a § 1983 action

6   plaintiff must show ... demonstrate that the defendant's conduct was the actionable cause of the

7   claimed injury."). Without causation, there is no actionable claim for access to courts. See

8   Phillips, 477 F.3d at 1077. Finally, the third element requires that Plaintiff show he has no other

9   remedy than the relief available via this suit for denial of access to the courts. Id. at 1078–79.

10      **B.  Analysis of Allegations**

11      Plaintiff alleges that the inability to meet a filing deadline because he needed the

12   documents "at the time when Plaintiff was inquir[ing] about Plaintiff's legal documents to meet a

13   filing deadline with the United States Court of Appeal for the Ninth Circuit…" (ECF No.18 ¶16.)

14   Liberally construing the allegations, Plaintiff alleges he was not able to meet the deadline for

15   filing at the Ninth Circuit.

16      Plaintiff asks the Court to take Judicial notice of Wilson v. WL Montgomery, 3:14-cv-

17   01383 JAH NLS, the underlying civil case allegedly lost at the Ninth Circuit due to Defendants'

18   conduct.[2] See Wilson v. Montgomery 2015 WL 12762174, S.D.Cal., Dec. 23, 2015, Report and

19   Recommendation Adopted by, 2016 WL 6804437 (S.D.Cal., Aug. 08, 2016), and on appeal,

20   Wilson v. Montgomerey, 693 F. App'x 718 (9th Cir. 2017). The Court takes judicial notice of the

21   court records.

22      The appeal of Plaintiff's underlying claim at the Ninth Circuit was not dismissed for

23   failure to meet a filing deadline or participate in the case. Indeed, Plaintiff had filed both an

24   opening brief and a reply brief on appeal, and the record on appeal does not indicate that Plaintiff

25   made any argument of his inability to have his legal documents to prepare his briefing. Rather, in

---

26/27/28   [2] Under Federal Rule of Evidence 201, this Court may take judicial notice of matters of public record. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

1   evaluating the claims, the Ninth Circuit stated that in Plaintiff's opening brief, Plaintiff did not

2   challenge any of the district court's grounds for dismissal of the operative complaint.  The district

3   court had dismissed the case because Plaintiff failed to state a viable claim for deliberate

4   indifference because he did not allege that the treatment options he was offered by Defendants

5   were medically unacceptable, which is required to establish deliberate indifference.  Wilson v.

6   Montgomery, No. 14CV1383 JAH (NLS), 2016 WL 6804437, at *2 (S.D. Cal. Aug. 8, 2016),

7   aff'd sub nom., Wilson v. Montgomerey, 693 F. App'x 718 (9th Cir. 2017).  Therefore, the Ninth

8   Circuit affirmed dismissal of Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6).

9        Here, Plaintiff has not alleged the first element of the access to courts claim.  While he

10   alleges he lost a claim, he is unable to allege that he lost a nonfrivolous claim. The Court has

11   taken judicial notice of the grounds upon which both the district court and the Ninth Circuit ruled

12   on Plaintiff's underlying case. Plaintiff's underlying case at the Ninth Circuit was not dismissed

13   for failing to appear or participate as Plaintiff alleges, but because Plaintiff could not meet the

14   legal standard necessary to allege a cognizable claim for deliberate indifference.  He was unable

15   to allege that the treatment options he was offered by Defendants were medically unacceptable.

16   Thus, Plaintiff was unable to state an arguable basis in fact to support his claim. Neitzke, 490

17   U.S. at 325.  The Ninth Circuit dismissed on this ground. Accordingly, Plaintiff fails to allege the

18   first element of access to courts because he lost a non-meritorious claim for which he could not

19   state an arguable basis in fact to support the claim.

20        Plaintiff has not alleged that the loss of the Ninth Circuit case was caused by either of the

21   Defendant's conduct. Under the second element, a prisoner "must show that the alleged violation

22   of his rights was proximately caused by [the defendant.]" Phillips, 477 F.3d at 1077.  In

23   Plaintiff's allegations, he does not say what each Defendant did to cause him to lose the Ninth

24   Circuit case.  The Court infers that they denied him legal documents, but the second amended

25   complaint does not make those allegations.  Further, the records for which the Court takes judicial

26   notice shows that Plaintiff appeared in the Ninth Circuit case, filed both an opening brief and a

27   reply brief, and did not make an argument he had been deprived his legal documents.  Rather,

28   Plaintiff could not meet the legal standard necessary to allege a cognizable claim for deliberate

1   indifference because he was unable to allege that the treatment options he was offered by

2   Defendants were medically unacceptable.  The district court and Ninth Circuit both dismissed

3   Plaintiff's case on the same grounds.  Thus, it was Plaintiff's lack of evidence rather than

4   Defendants' interference which resulted in the dismissal of his Ninth Circuit appeal. Plaintiff has

5   not alleged that the loss of the Ninth Circuit case was caused by either of the Defendant's

6   conduct.

7           Plaintiff has not alleged the third element that Plaintiff has no other remedy than the relief

8   available via this suit for denial of access to the courts.  In a previous complaint, Plaintiff alleges

9   that he had the avenue of asking for reconsideration by the Ninth Circuit.

10          **IV.    Conclusion and Recommendation**

11          Plaintiff's second amended complaint fails to state a cognizable claim for relief.  Despite

12  being provided with relevant pleading and legal standards, and multiple opportunities to amend,

13  Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further

14  leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

15          Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a

16  district judge to this action.

17          Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this

18  action be dismissed for failure to state a cognizable claim upon which relief may be granted.

19
20  IT IS SO ORDERED.

21  Dated:   **July 24, 2020**                       /s/ Barbara A. McAuliffe

22                                                   UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28